EVERETTE D. AND FRIEDA M. KNOTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knott v. Commissioner
Docket No. 5958-89
United States Tax Court
T.C. Memo 1991-352; 1991 Tax Ct. Memo LEXIS 401; 62 T.C.M. (CCH) 287; T.C.M. (RIA) 91352; July 31, 1991, Filed *401 Decision will be entered for the respondent. Everette D. and Frieda M. Knott, pro se. Deborah C. Stanley, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 2,844.00 in petitioners' Federal income tax for the taxable year 1986. Petitioners resided in King George, Virginia, at the time they filed their petition. For convenience, the findings of fact and opinion have been combined. The issue for decision is whether petitioners were required to report a proportionate share of undistributed income from a subchapter S corporation of which they were shareholders. The facts indicate that Mr. Knott was a 24.5 percent shareholder of West Augusta Company (West Augusta), *402 a subchapter S corporation, during 1986. Further, the 1986 tax return (form 1120S) for West Augusta indicated that the company had $ 43,730.00 in taxable income. The accuracy of this tax return was testified to by the president of West Augusta, Mr. Raymond Powell. The taxable income of West Augusta was attributed to the company's shareholders according to their percentage of ownership by way of the preparation of a Schedule K-1 for each shareholder. Both Mr. Knott and the Internal Revenue Service were issued a Schedule K-1 with regard to Mr. Knott's share of West Augusta's income. The Schedule K-1 as issued to Mr. Knott allocated to him 24.5 percent of the income of West Augusta as shown on West Augusta's 1986 tax return. None of the shareholders of West Augusta actually received any distribution of income. Petitioners did not report any income from West Augusta on their 1986 Federal income tax return. Petitioners claim that they do not have any taxable income as shareholders of West Augusta because they never actually received any income from the company. Further, they contend that the Schedule K-1 as prepared for them is fraudulent because it attributes income to them which *403 they never possessed. In addition, they argue that the fraudulent character of the Schedule K-1 is evidenced by the fact that it violates the payment terms of an agreement between petitioners and West Augusta. Generally, S corporations are not subject to income taxes. Sec. 1363(a). Nonetheless, S corporations must compute their taxable income in a manner similar to individuals. Sec. 1363(b). This computation facilitates the process of passing-through items of income, loss, deduction, and credit, among others, from the S corporation to its shareholders. Sec. 1366(a). In particular, section 1366(c) requires that the gross income of a shareholder of an S corporation shall include his proportionate share of the gross income of the corporation. The facts of the present case show that for the year 1986 Mr. Knott owned 24.5 percent of West Augusta in his capacity as a shareholder. As a result, Mr. Knott was under an obligation to report 24.5 percent of the gross income of West Augusta for 1986 on his 1986 tax return. Sec. 1366(c). Petitioners' contention that a pro rata share of an S corporation's income is not taxable income until it is actually distributed is clearly wrong. *404 This argument is contrary to the plain language of the statute and the overall purpose of the subchapter S framework. The legislative history attending the enactment of subchapter S succinctly states that-- the "undistributed taxable income" of an electing small-business corporation is to be included in the gross income of such of its shareholders as were shareholders on the last day of the taxable year of the corporation.
S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), 1958-3 C.B. 922, 1139. We find the legislative history to be unequivocally clear in its direction that income of the subchapter S corporation need not be distributed in order to be included in the taxable income of the shareholders. Accordingly, we reject petitioners' argument in this respect. In the alternative, petitioners argue that the corporation violated an agreement with them which required payment to them of their share of income. Petitioners assert that, under the agreement, they did not receive the income to which they were entitled. Apart from this testimony, petitioners offered no reason why the subchapter S form of doing business which they entered into should be disregarded. *405 Absent strong proof to the contrary, petitioners are bound by the tax ramifications of the manner in which they chose to do business. Miller v. Commissioner, T.C. Memo 1989-153, affd. without published opinion 900 F.2d 260 (6th Cir. 1990). Consequently, petitioners are bound to accept both the benefits and the burdens of the subchapter S form of business. Thus, we sustain respondent's determination that petitioners were responsible for their pro rata share of the gross income of West Augusta for the year 1986. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩